STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeals of Marc     }
and Susan Wood            } Docket Nos. 37-2-00
                          } Vtec and 102-5-00
                          } Vtec
                          }

<u>Entry Order</u>

The Town of Hartford is represented in this matter by William F. Ellis; Appellant Marc Wood has appeared and represents himself.

As found in an earlier decision in a related case in Windsor Superior Court, Defendants own a small and steeply-sloping parcel of property bounded by Vermont Route 14 on the north, High Bridge on the east, and which appears to be bounded by Ferryboat Crossing (Alber Drive) on the south. The property at the northerly (Route 14) boundary is at approximately elevation 400 feet above sea level; the property at the southerly Ferryboat Crossing (Alber Drive) boundary is at approximately 360 feet above sea level. The Town= s right-of-way for another roadway, West Mill Hill Road, cuts across the lower southerly portion of Defendants= property from the southeast to the southwest. Defendants proposed two alternative[1] projects for the property, to construct a diner, private club, and retail space on the property. Both projects involve substantial site work to build up the site to create a larger flat buildable area at the upper (Route 14) level.

The Phase II project proposed only to build the site up northerly of the Town= s West Mill Hill Road right-of-way, with parking spaces at the lower level within the West Mill Hill right-of-way, and a stairway up to the upper level where the buildings and additional parking would be located. The Phase III project proposed to build the site up within the Town= s West Mill Hill Road right-of-way, with all buildings and parking to be located at the upper level.

In Docket No. 37-2-00 Vtec, Appellants appealed from a decision of the Planning Commission regarding site plan approval of the > Phase III= project. In Docket No. 102-5-00 Vtec, Appellants appealed from the ZBA= s decision to uphold the Zoning Administrator= s denial of a building permit for Phase III of the project. Both these appeals were put on hold in Environmental Court pending resolution of the other two

Environmental Court cases relating to Phase II (Docket Nos. 72-3-00 Vtec and 91-5-00 Vtec), and pending resolution of one of the two civil cases in Superior Court: Docket No. 150-4-00 Wrcv (the other is Docket No. 219-5-00 Vtec).

We ruled on summary judgment in favor of the Town in Docket No. 150-4-00 Wrcv, and denied the motion for reconsideration of that order. The appeal of that ruling was dismissed as untimely. The Phase III project may have become moot when the appeal of that order was dismissed.

Accordingly, with regard to the two above-captioned cases involving Phase III, on or before October 4, 2001, the parties shall file a brief statement with the Environmental Court stating their intentions regarding Phase III in light of the final decision on the merits of Docket No. 150-4-00 Wrcv and in light of the other orders issued today, and in particular whether the Phase III cases may be dismissed as moot. Failure to file the required statement may result in the dismissal of these appeals without further notice thereafter.

Please be advised that this decision and order is one of five orders issued today in the six related cases, disposing of all pending matters.

Dated at Barre, Vermont, this 21st day of September, 2001.

_____

Merideth Wright
Environmental Judge

---

## Footnotes

[1.] The project has two alternative versions, which are called 'Phase II' and 'Phase III.' Despite use of the term "phase," these are not successive stages of a single project, but are rather alternative designs. That is, if 'Phase II' is approved and built, 'Phase III' will not be approved and built (and vice versa).